UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY W. LIAL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | Case No. 2:16-cv-00643-APG-NJK<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>(ECF Nos. 9, 13, 18) |

Plaintiffs Gary and Marqulinn Lial filed this lawsuit against defendants Bank of America, N.A. (BANA), Federal National Mortgage Association (Fannie Mae), Fay Servicing, LLC, and U.S. Bank National Association (U.S. Bank). The Lials allege that they validly rescinded their home mortgage loan in 2010 as they were entitled to do under 15 U.S.C. § 1635. The Lials therefore request a permanent injunction against any party taking enforcement actions on the loan. They also contend the defendants must return all loan payments the Lials made.

The defendants move to dismiss the complaint for failure to state a claim, contending that the Lials' loan did not qualify for rescission under the statute and that, even if it had, the three-year statute of repose elapsed before the Lials' attempted rescission.[1] ECF Nos. 9, 13. I grant the defendants' motions to dismiss.

I. BACKGROUND

On November 17, 2006, the Lials purchased the house located at 10480 Wildflower Gully Street in Las Vegas, Nevada.[2] They purchased the house with a $224,895 loan secured by a Deed of Trust that named Countrywide KB Home Loans as the Lender, Mortgage Electronic

---

[1] Defendants BANA and Fannie Mae also move to supplement their motion to dismiss to reference a Ninth Circuit decision in another lawsuit filed by the Lials. ECF No. 18. I deny the motion to supplement as moot.

[2] ECF No. 13, Ex. A.

Registration Systems, Inc. (MERS) as the beneficiary, and First American Title Company of Nevada (First American) as the Trustee.[3]

On April 1, 2010, the Lials sent BANA (Countrywide's successor) a notice letter attempting to rescind the loan transaction.[4] On June 14, 2010, Recontrust Company, N.A. ("Recontrust") was substituted as the Trustee under the Deed of Trust.[5] On that same day, Recontrust recorded a Notice of Default/Election to Sell Under Deed of Trust on behalf of the beneficiary.[6] The Notice indicated that the Lials had been delinquent on their loan since February 1, 2010. On November 10, 2015, an Assignment of Deed of Trust was recorded by which BANA, s/b/m BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. assigned the Deed of Trust to U.S. Bank as Legal Title Trustee.[7] To date, the property has not been foreclosed upon by the defendants or sold by the Lials.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."[8] However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint.[9] A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.[10] Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."[11]

/ / / /

/ / / /

---

[3] ECF No. 1, Ex's. 1 & 2.
[4] ECF No. 1, Ex. 5.
[5] ECF No. 13, Ex. B.
[6] ECF No. 13, Ex. C.
[7] ECF No. 1, Ex. 6.
[8] *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).
[9] *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[11] *Id.* at 555.

**A. The Lials' Loan was a "Residential Mortgage Transaction," Making Rescission Unavailable Under 15 U.S.C. § 1635.**

The defendants argue that the rescission statute the Lials rely upon does not apply to "residential mortgage transactions" conducted for the initial acquisition of a home. The Lials respond that the defendants read the statute incorrectly and that a recent Supreme Court case, *Jesinoski v. Countrywide*,[12] confirms their interpretation.

The Truth in Lending Act (TILA)[13] allows borrowers to rescind some loan agreements for up to three years after the transaction is consummated.[14] The law exempts certain transactions, meaning that the rescission provision does not apply to those.[15] One such exempted transaction is "a residential mortgage transaction,"[16] defined elsewhere in the statute as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[17] Courts have confirmed that this plain language means that loans used to finance the acquisition or initial construction of a dwelling cannot be rescinded under TILA.[18] The case upon which the Lials rely, *Jesinoski*, does not discuss the issue because that case involved a refinancing loan.[19]

The Lials do not dispute that their 2006 loan was a purchase money transaction for the initial acquisition of their home. The statute is clear that such loans are exempt from TILA's rescission provision, so the Lials may not rescind it. The relief they seek, both the return of prior

---

[12] 135 S. Ct. 790 (2015).
[13] 15 U.S.C. § 1601 et seq.
[14] 15 U.S.C. § 1635; *Jesinoski*, 135 S. Ct. at 791.
[15] 15 U.S.C. § 1635(e).
[16] *Id.*
[17] 15 U.S.C. § 1602(x).
[18] *See, e.g., Sanchez v. Bank of N.Y.*, No. 2:15-CV-01249-GMN-GWF, 2016 WL 1449597, at *4 (D. Nev. Apr. 12, 2016); *Chambers v. Wells Fargo Bank, N.A.*, No. CV-15-6976 (JBS/JS), 2016 WL 3533998, at *7 (D.N.J. June 28, 2016).
[19] *See Jesinoski*, 135 S. Ct. at 791.

loan payments and a permanent injunction or quiet title action against further enforcement on the loan, is thus unavailable.

**B. Even If The Loan Were Rescindable, The Three-Year Statute Of Repose Elapsed.**

The defendants contend that even if the Lials' loan were eligible for rescission, their attempted rescission in April 2010 would have been barred by the statute's three-year statute of repose. The Lials argue that because the loan was securitized after its 2006 issuance, it was never "consummated," and thus the three-year time limit never ran.

Loans covered by TILA may generally be rescinded for three days following the "consummation of the transaction,"[20] subject to certain exemptions discussed previously. This time period is extended to three years, but no longer, if the lender fails to deliver certain information, forms, or disclosures required under the statute.[21] *Jesinoski* clarified that borrowers need only send a notice of rescission, not initiate a lawsuit, within the time limit.[22] That case did not, however, legitimize extensions beyond the three-year limit. Other cases have held that the three-year statute of repose is a firm bar that cannot be extended through equitable tolling.[23]

In the TILA context, "[c]onsummation means the time that a consumer becomes contractually obligated on a credit transaction."[24] By arguing that the loan's securitization renders it not "consummated," the Lials necessarily suggest that the transaction was never completed and that they are free from obligations under the loan. This argument is very similar to one the Lials made in previous litigation that this court rejected.[25] There, the court said that "[a]n alleged securitization of a loan does not invalidate the Deed of Trust . . . or prevent

---

[20] 15 U.S.C. § 1635(a).
[21] 15 U.S.C. § 1635(f).
[22] *Jesinoski*, 135 S. Ct. at 792.
[23] *See Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 743 (E.D. Va. 2009); *Harris v. OSI Fin. Servs.*, 595 F. Supp. 2d 885, 887 (N.D. Ill. 2009).
[24] 12 C.F.R. § 226.2.
[25] *See Lial v. Bank of Am. Corp.*, No. 2:10-CV-02121-GMN, 2011 WL 5239242 (D. Nev. Nov. 1, 2011).

Defendants from being holders in due course."[26] The Ninth Circuit affirmed that ruling.[27] Other courts have similarly held that plaintiffs cannot use the occurrence of securitization to challenge the validity of a loan.[28]

The Lials entered the subject loan agreement on November 17, 2006, so even if they could rescind, they had at most three years under the statute to do so. The Lials sent their notice of rescission on April 1, 2010, more than four months after the statute of repose elapsed. Because the statute of repose is applied strictly, and the Lials have no valid argument for an exception, I would grant the motions to dismiss even if the Lials could rescind under TILA.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **(ECF Nos. 9 and 13) are GRANTED.** The defendants' motion to supplement their motion to dismiss **(ECF No. 18) is DENIED as moot**. The clerk of the court is directed to enter judgment accordingly and close this case.

DATED this 27th day of October, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[26] *Id.* at *4.
[27] *Lial v. Bank of Am. Corp.*, 633 F. App'x 406 (9th Cir. 2016).
[28] *See Beck v. Nationstar Mortgage*, No. 3:15-CV-00166-MMD-VPC, 2015 WL 6755276, at *6 (D. Nev. Nov. 4, 2015); *Reyes v. GMAC Mortg., LLC*, No. 2:11-CV-100-JCM-RJJ, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011).